IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MICHAEL MACKEY and WILLIE REDMOND, )
on behalf of themselves and all others )
similarly situated, )
                                                                              )
                                          Plaintiffs, ) Case No.
                                                                              )
                    v. )
                                                                              )
VEHI-SHIP, LLC, )
                                                                              )
                                          Defendant. )

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, MICHAEL MACKEY and WILLIE REDMOND (hereinafter "Plaintiffs"), individually and on behalf of all persons similarly situated, by their attorneys, Miller Law Firm, P.C., and Scott C. Polman, and file this Class and Collective Action Complaint ("Complaint") against Defendant Vehi-Ship, LLC (hereinafter "Vehi-Ship") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105, *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115, *et seq.* ("IWPCA") and all supporting regulations. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## JURISDICTION & VENUE

1. This court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* The court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this judicial district, and Defendant maintains an office in this judicial district.

## PARTIES

*Plaintiff Michael Mackey*

3. Plaintiff Michael Mackey ("Mackey") is a resident of Chicago, Illinois.

4. At all times relevant to the Complaint, Mackey was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and IMWL and IWPCA.

5. Mackey was employed by Vehi-Ship as a driver ("driver") in Chicago from approximately August 2016 through September 2017.

6. Mackey expressed his consent to make these claims against Vehi-Ship by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (See Exhibit A).

*Plaintiff Willie Redmond*

7. Plaintiff Willie Redmond ("Redmond") is a resident of Chicago, Illinois.

8. At all times relevant to the Complaint, Redmond was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and IMWL and IWPCA.

9. Redmond has been employed by Vehi-Ship as a driver ("driver") in Chicago, from approximately February 2017 through September 2017.

10. Redmond expressed his consent to make these claims against Vehi-Ship by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (See Exhibit B).

### *Defendant Vehi-Ship, LLC*

11. Defendant Vehi-Ship ("Defendant" or "Vehi-Ship") is a transportation company with its headquarters in the state of Texas, maintaining work locations and offices around the United States and in Chicago, Illinois.

12. At all times hereinafter mentioned, Vehi-Ship was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and IMWL and IWPCA.

13. At all times hereinafter mentioned, the activities of Vehi-Ship constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

14. Upon information and belief, Vehi-Ship maintains control, oversight, and direction over their operation and employment practices.

15. Vehi-Ship employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

16. Vehi-Ship's annual gross volume of business exceeds $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

17. At all relevant times, Vehi-Ship has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

18. Vehi-Ship has applied the same employment policies, practices, and procedures to all those employed, including policies, practices, and procedures with respect to payment of wages, deductions, and overtime compensation.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

19. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who work or have worked for Vehi-Ship as drivers within the last 3 years, and who elect to opt-in to this action.

20. Vehi-Ship unlawfully required Plaintiffs and all individuals employed as drivers to work in excess of 40 hours per week, without paying them overtime compensated for every hour worked in excess of 40 hours per week.

21. Plaintiffs and the FLSA Collective Action members are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia,* all such individuals worked pursuant to Vehi-Ship's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia,* Vehi-Ship's common compensation, timekeeping and payroll practices.

22. Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All current or former drivers of Vehi-Ship, LLC, who performed work for Vehi-Ship in the United States three years prior to the filing of their respective consent forms and who suffered similar damages as alleged herein (hereinafter the "FLSA Collective").

23. Vehi-Ship was aware or should have been aware that the law required it to pay nonexempt employees, including Plaintiffs and the FLSA Collective Action members, an overtime premium of 1 and 1/2 times their regular rate of pay for all work-hours Vehi-Ship suffered or permitted them to work in excess of 40 per workweek.

24. Upon information and belief, Vehi-Ship applied the same unlawful policies and practices to their drivers throughout the State of Illinois and nationwide.

25. The FLSA Collective Action Members are readily identifiable, and may be located through Vehi-Ship's records, as well as the records of any payroll companies that Vehi-Ship utilizes. Vehi-Ship employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23**
**ILLINOIS CLASS ACTION ALLEGATIONS**

26. Plaintiffs bring the Second and Third Causes of Action on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All current or former drivers of Vehi-Ship, LLC who performed work for Vehi-Ship in Illinois at any time between October 26, 2014 and the present (the "Illinois Class") and who suffered similar damages as alleged herein.

27. The members of the Illinois Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Vehi-Ship.

28. Upon information and belief, there are more than 100 members in the Illinois Class.

29. There are questions of law and fact common to the proposed Illinois Class Members, which predominate over any questions affecting only individual Illinois Class Members, including, without limitation:

   a. whether Vehi-Ship failed to keep accurate time records for all hours worked by the Illinois Class Representatives and the Illinois Class;

   b. whether Vehi-Ship failed to pay proper compensation to Illinois Class Representatives and the Illinois Class for all work-hours in excess of 40 per workweek, in violation of and within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105;

   c. whether Vehi-Ship failed to pay proper compensation to Illinois Class Representatives and the Illinois Class for all hours worked in violation of Illinois Minimum Wage Law, 820 ILCS 105;

   d. whether Vehi-Ship unlawfully deducted wages from the Illinois Class Representatives and the Illinois class in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115;

   e. the nature and extent of Illinois Class-wide injury and the appropriate measure of damages sustained by the Illinois Class Representatives;

   f. whether Vehi-Ship acted willfully or with reckless disregard in its failure to pay the Illinois Class Representatives and the Illinois Class; and

   g. the nature and extent of class-wide injury and the measure of damages for those injuries.

30. Plaintiffs will fairly and adequately represent and protect the interests of the Illinois Class Members because there is no conflict between the claims of Plaintiffs and those of the Illinois Class, and Plaintiffs' claims are typical of the claims of the Illinois Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

31. Further, the Illinois Class Representatives and the Illinois Class Members have been equally affected by Vehi-Ship's failure to pay proper wages.

32. Vehi-Ship has acted or refused to act on grounds generally applicable to the Illinois Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

33. Plaintiffs' claims are typical of those of the Illinois Class. Plaintiffs and the other Illinois Class Members were subjected to Vehi-Ship's policies, practices, programs, procedures, protocols and plans alleged herein, concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiffs' job duties are typical of those of the class members.

34. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Illinois Class is readily identifiable from Vehi-Ship's own records. Prosecution of separate actions by individual members of the Illinois Class would create the risk of inconsistent or varying adjudications with respect to individual Illinois Class Members that would establish incompatible standards of conduct for Vehi-Ship.

35. A class action is superior to other available methods for adjudication of this controversy because joinder of all class members is impractical. Further, the amounts at stake for many of the Illinois Class Members, while substantial, are not great enough to enable them to maintain separate suits against Vehi-Ship.

36. Without a class action, Vehi-Ship will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the Illinois Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## CLASS-WIDE FACTUAL ALEGATIONS

37. Plaintiffs and the members of the FLSA Collective and Illinois Class (collectively, "Class Members") are victims of Vehi-Ship's common policies and plans that violated their rights under the FLSA, IMWL and IWPCA by failing to pay proper compensation for all hours worked including time-shaving from employees' hours; improperly classifying the Class Members as independent contractors; failing to compensate at the proper overtime rate for all hours worked over 40 per workweek; and unlawfully deducting from employees' wages. At all relevant times, Vehi-Ship's unlawful policies and patterns or practices have been willful.

38. Vehi-Ship is a transportation company which provides services to Ford Motor Company throughout the United States.

39. At all relevant times, the Plaintiffs were acting directly or indirectly in the interest of Vehi-Ship and therefore Defendant is an "employer" within the meaning of state and federal wage laws.

40. Vehi-Ship misclassified the plaintiffs as independent contractors.

41. Vehi-Ship employs drivers, including Plaintiffs, to perform transportation services for Ford Motor Company across Illinois and the United States.

42. Plaintiffs and the Classes are all blue collar workers who are not subject to any of the exemptions to the FLSA, IMWL and IWPCA.

43. Plaintiffs and other Vehi-Ship drivers worked on average ten (10) to twelve (12) hours per day and seven (7) days per week. Plaintiffs are paid $10 per each car delivered.

44. Upon information and belief, Vehi-Ship engaged in a "time-shaving" policy, whereby it failed to pay Plaintiffs and members of the Classes for all hours worked.

45. Vehi-Ship also made improper deductions from the pay of Plaintiffs and the Classes by charging Plaintiffs and the Classes for damage to the vehicles they were transporting and other "miscellaneous" amounts.

46. As a transportation services company that operates throughout the United States, there is no question that Vehi-Ship has access to human resource expertise and legal counsel who can advise Vehi-Ship on its wage and hour compliance obligations.

47. During the entire relevant time period, Vehi-Ship was aware that Plaintiffs and the Classes were not properly compensated under the FLSA, IMWL and IWCPA because Vehi-Ship did not keep accurate records of the time that Plaintiffs and the Classes worked each day and week.

48. Vehi-Ship has acted willfully and/or with reckless disregard of the applicable FLSA, IMWL and IWCPA provisions, by failing to properly record hours and failing to compensate Plaintiffs and the Classes for hours worked in excess of forty (40) during the workweek.

49. Furthermore, Vehi-Ship failed to properly track, monitor or record the actual number of hours per day that the Class members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## **PLAINTIFFS' FACTUAL ALLEGATIONS**

### *Plaintiff Michael Mackey*

50. Plaintiff Michael Mackey was an employee of Vehi-Ship, working under its direct supervision.

51. Mackey was employed by Vehi-Ship from approximately August 2016 through September 2017.

52. At all times relevant to the Complaint, Mackey was an "employee" within the meaning of Section 3(e) of the FLSA ,29 U.S.C. § 203(e), IMWL and IWCPA.

53. Mackey's paystubs failed to properly list his hours worked.

54. Vehi-Ship often unlawfully deducted from Mackey's wages.

55. Specifically, unlawful deductions were made from Mackey's pay for alleged damage to vehicles he delivered for Vehi-Ship.

### *Plaintiff Willie Redmond*

56. Plaintiff Willie Redmond was an employee of Vehi-Ship, working under its direct supervision.

57. At all times relevant to the Complaint, Redmond was an "employee" within the meaning of Section 3(e) of the FLSA ,29 U.S.C. § 203(e), IMWL and IWCPA.

58. Redmond was employed by Vehi-Ship as a driver from approximately February 2017 through September 2017.

59. Redmond's paystubs often failed to properly list his hours worked.

60. Vehi-Ship often unlawfully deducted from Redmond's wages.

61. Specifically, unlawful deductions were made from Redmond's pay for alleged damage to vehicles he delivered for Vehi-Ship.

## FIRST CAUSE OF ACTION
FLSA — Overtime Wages
(Brought on behalf of Plaintiffs and the FLSA Collective)

62. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

63. Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

64. Vehi-Ship employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

65. Vehi-Ship's compensation scheme applicable to Plaintiffs and the FLSA Collective fails to comply with 29 U.S.C. § 207(a)(1).

66. Plaintiffs have expressed their consent to make these claims against Vehi-Ship by filing written consent forms pursuant to 29 U.S.C. § 216(b).

67. Vehi-Ship failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

68. Because Vehi-Ship's violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the FLSA Collective incurred damages thereby and Vehi-Ship is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**IMWL — Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the Illinois Class)**

70. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

71. Vehi-Ship has employed Plaintiffs and members of the Illinois Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the Illinois Class for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times their regular hourly rate, in violation of the requirements of IMWL.

72. By the course of conduct set forth above, Vehi-Ship has violated IMWL.

73. Vehi-Ship has failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and members of the Illinois Class.

74. Vehi-Ship has maintained a policy and practice failing to pay overtime compensation for all hours worked to Plaintiffs and the Illinois Class.

75. Vehi-Ship's failure to pay overtime compensation to Plaintiffs and the Illinois Class was willful within the meaning of IMWL.

76. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the Illinois Class incurred damages thereby and Vehi-Ship is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Vehi-Ship's unlawful and willful conduct, as the Court deems just and proper.

77. Plaintiffs, on behalf of themselves and the Illinois Class, seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Vehi-Ship as provided by the IMWL.

### THIRD CAUSE OF ACTION
### Violation of IWPCA - Unlawful Deductions
### (Brought on Behalf of Plaintiffs and the Illinois Class)

78. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

79. Vehi-Ship has willfully taken unlawful deductions from Plaintiffs' and Illinois Class Members' pay, by charging Plaintiffs and the Illinois Class Members improper amounts for purportedly damaged vehicles and for other "miscellaneous" amounts in violation of IWPCA.

80. Due to Vehi-Ship's violations of the IWPCA, Plaintiffs and the Illinois Class Members are entitled to recover from Vehi-Ship all unlawful deductions, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, seek the following relief:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b).

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to the potential FLSA Collective Action members.

C. An order permitting this litigation to proceed as a Rule 23 class action with respect to the Illinois Class;

D. Back pay damages (including unpaid overtime compensation, unpaid wages) and pre-judgment and post-judgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Injunctive relief to the fullest extent permitted under the law;

G. Litigation cost, expenses and attorneys' fees to the fullest extent permitted under the law; and

      H.    Such other further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Richard J. Miller
    One of Their Attorneys

Richard J. Miller
Miller Law Firm, P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
847.995.1205
richard.miller@millerlawfirm.org

Scott C. Polman
Law Office of Scott C. Polman
8130 N. Milwaukee Ave.
Niles, IL 60714
847.292.1989
spolman.law@comcast.net

*Counsel for Plaintiffs*